HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLIVIA MORA,<br><br>            Plaintiff,<br><br>   v.<br><br>SEATTLE HOUSING AUTHORITY,<br><br>            Defendant. | CASE NO. 2:24-cv-00698-RAJ<br><br>**ORDER** |

THIS MATTER comes before the Court on *pro se* Plaintiff Olivia Mora ("Plaintiff")'s Motion to Appoint Counsel. Dkt. # 9. Defendant Seattle Housing Authority ("Defendant") did not file a response in opposition to Plaintiff's Motion.

Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may, under "exceptional circumstances," appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman*, 390 F.3d at 1103.

Other than indicating that she has contacted multiple attorneys, all of whom have declined to take her case, Plaintiff does not offer specific ground as to why she is requesting appointment of counsel. Dkt. # 9 at 2. The Court finds that the legal issues raised by Plaintiff are not sufficiently complex to warrant such an appointment. This case centers on whether Defendant discriminated against Plaintiff on the basis of her disability when she applied for public housing. *See generally* Dkt. # 5. The factual allegations set forth by Plaintiff in her Complaint show that she is able to articulate her claims and otherwise represent herself *pro se*.[1]

Although most parties would benefit from attorney representation, that is not the standard for appointment of counsel in a civil case. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (overruled on other grounds). Plaintiff must show *exceptional* circumstances, and she has failed to make that showing here.

Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED**. Dkt. # 9.

Dated this 3rd day of October, 2024.

The Honorable Richard A. Jones
United States District Judge

---

[1] The Court is aware of Plaintiff's admission that she accidentally cited to Title III of the Americans with Disability Act when should she have cited to Title II, as Defendant is a public entity. Dkt. # 16 at 4-6. This mistake does not change the facts underscoring her disability discrimination claims and does not, by itself, constitute an exceptional circumstance that would compel the Court to grant her Motion.